An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN DANIEL HIGUERA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66058

FILED

DEC 18 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

In his petition, filed on February 1, 2010, appellant Steven Higuera claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-38794

Higuera argues that counsel was ineffective for failing to conduct an adequate investigation to locate and produce A. Olmo for trial.[1] Higuera has failed to demonstrate that counsel was deficient. The defense investigator went to Olmo's known addresses, but Olmo's home was in foreclosure, he did not have a stable residence, and he changed phone numbers. The investigator attended Olmo's own court hearings in an effort to contact and serve him with subpoenas, but Olmo failed to appear. The investigator also attempted to contact Olmo through his family but to no avail as Olmo had very little contact with them at the time. Further, Olmo testified at the postconviction evidentiary hearing that he was out of the country for months at a time leading up to and during trial. Finally, counsel explained her reasoning in not personally conducting the investigation. Counsel made reasonable efforts to locate Olmo, and Higuera fails to identify what additional efforts counsel should have made leading up to trial. We therefore conclude that the district court did not err in denying this claim, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[1]This court affirmed the denial of Higuera's remaining claims but reversed the denial of this claim and remanded it to the district court to conduct an evidentiary hearing, *see Higuera v. State*, Docket No. 59514 (Order Affirming in Part, Reversing in Part, and Remanding, January 16, 2013), which the district court did.

 

cc: Eighth Judicial District Court Dept. 20
McLetchie Shell LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk